ABBIE STEWART *vs.* PAULINE ROBARGE.
JANUARY 25, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence to recover damages for injuries sustained by the plaintiff while receiving a permanent wave from the defendant. The declaration is in one count and alleges negligent operation of the waving machine which was employed by the defendant in performing this service.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a directed verdict for the defendant. The plaintiff duly excepted to the ruling of the trial justice granting defendant's motion for a directed verdict and has, in due course, prosecuted her bill of exceptions to this court.

The plaintiff contends that the trial justice erred in directing a verdict for the defendant on the ground that the evidence clearly shows that she was free from contributory negligence, and that there was negligence on the part of the defendant in the manner in which she operated the machine that was used in waving the plaintiff's hair.

The question before us is whether there was any legal evidence upon which the jury could have found for the plaintiff. If so, the trial justice was required to deny the motion for a directed verdict. *Ciambelli* v. *Porter*, 55 R. I. 14.

We have carefully read the transcript and it appears to us that the only evidence of the correct method of giving a permanent wave with the particular machine used in this instance was given by an expert witness produced by the defendant. His version of the proper manner of operating the machine did not vary materially from the testimony given by the defendant as to the method used in operating the machine when she was waving the plaintiff's hair.

The plaintiff did not contradict this testimony nor did she offer any evidence of a different method of operating the machine than that given by the defendant; neither did she offer evidence of any improper operation thereof by the defendant. In short, even on a view of the evidence most favorable to the plaintiff, it does not appear that there was any legal evidence that could properly support a verdict by the jury in her behalf. This was sufficient to warrant the trial justice in directing a verdict for the defendant. That there was conflicting evidence as to the plaintiff's contributory negligence would, on this view of the evidence, be of no consequence.

We are therefore of the opinion that the trial justice did not err in directing a verdict for the defendant, as there was no legal evidence upon which a verdict for the plaintiff could be supported. In such circumstances, the trial justice is required upon motion to direct a verdict for the defendant, and it would be error if he failed to do so. *Cranston Print Works Co.* v. *American Tel. & Tel. Co.,* 43 R. I. 88; *Sarcione* v. *The Outlet Co.,* 53 R. I. 76.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Michael F. Costello, Fergus J. McOsker,* for plaintiff.
*Dooley, Jackvony, Curran & Dunn,* for defendant.